UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY F. DENITTO, JR., <br><br> Plaintiff, <br> v. <br><br> STEPHEN KENNEDY, in his official capacity as PLANT ADMINISTRATOR of the TRUMBULL BOARD OF EDUCATION and STEPHEN KENNEDY, in his individual personal capacity; and the TRUMBULL BOARD OF EDUCATION, operating as the TRUMBULL PUBLIC SCHOOLS, <br><br> Defendants. | 3:10 - CV- 739 (CSH) |

### RULING ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

HAIGHT, Senior District Judge:

Pending before the Court is plaintiff's motion for voluntary dismissal of his complaint without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). Doc. #21. The motion is granted for the reasons set forth below.

**I.    BACKGROUND**

Plaintiff, Anthony F. Denitto, Jr. brings this civil rights action under 42 U.S.C. § 1983, claiming that defendants Stephen Kennedy, Plant Administrator for the Trumbull Board of Education, and the Trumbull Board of Education (the "Board) (herein collectively "defendants") violated his right to procedural due process guaranteed by the Fourteenth Amendment when they

1

terminated him from his custodial position on January 21, 2010. Plaintiff commenced this action by filing his complaint on May 13, 2010. Doc. #1. Defendants filed an answer and affirmative defenses to the complaint on July 8, 2010. Doc. #14. On December 31, 2010, plaintiff was arrested and charged with assault in the first degree and attempted murder, violations of Connecticut General Statutes §§ 53a-59 and 53a-54a, respectively. Doc. #22-3. As of this date, he remains incarcerated. That criminal case is pending undetermined in the Superior Court of Connecticut.

On February 27, 2011, plaintiff filed the present motion for voluntary dismissal without prejudice. Doc. #21. Plaintiff maintains that due to his current incarceration, "he will not be able to pursue his claims against the defendants" until the criminal charges pending against him are resolved. *Id.*, p. 2 (¶ 8). He also states that his "incarceration [on those charges] is not expected to end within the foreseeable future." *Id.* (¶ 6). Plaintiff asserts that dismissal without prejudice "would not work an injustice on the defendants because any preparation of the defendants for trying the merits of this case will not be wasted since in the event the plaintiff refiles his lawsuit, the issues for which the defendants have pursued discovery would remain unchanged." *Id.*, p. 2.

Defendants object to plaintiff's motion, requesting that the Court either deny the motion and thereby force plaintiff to proceed with his claim, or grant the motion *with prejudice* and thereby bar him from recommencing the action in the future. Doc. #22, p. 1, para. 1. Defendants point to the circumstances of plaintiff's arrest, assault in the first degree and the attempted murder of Nannette Segretto, a former employee of the Board who had obtained a protective order against plaintiff. *Id.*, p. 2, para. 1. Defendants claim that one of the factors leading to plaintiff's termination of employment was his violation of a 2009 "last chance agreement" with his Union and the Board that he "have no contact whatsoever with Nannette Segretto during his workday." *Id.* According to

defendants, plaintiff continued to contact both Ms. Segretto and her husband, leading to plaintiff's arrest in January 2010 for harassment in the second degree and criminal mischief.[1] Defendants state that plaintiff pled guilty on those counts and was incarcerated for a period of time. Then on December 31, 2010, plaintiff allegedly stabbed Ms. Segretto, resulting in the current criminal charges pending against him and his incarceration. *See* Doc. #22-3 (Case/Incident Report of Trumbull Police Department, dated 12/31/2010).

Defendants contend that "[g]iven that [p]laintiff's termination from his employment by the Board was a result of his criminal conduct against Ms. Segretto, his arrest for attempted murder is extremely relevant to the instant case." Doc. #22, p. 3, para. 2. They conclude that "[p]resumably," plaintiff "file[d] this instant motion to avoid having to testify civilly to his conduct or to avoid the adverse inference resulting from invoking his right to avoid self-incrimination." *Id.* Defendants cite *LiButti v. United States*, 107 F.3d 110 (2d Cir. 1997), for the proposition that adverse inferences may be drawn against parties to a civil action when they refuse to testify in response to probative evidence offered against them even though the government is a party to the action and would benefit from the drawing of the inferences. Defendants then conclude that such an attempt by plaintiff to avoid an adverse inference is not a proper basis for voluntary dismissal without prejudice.

---

[1] *See* Doc. #22-2 (Connecticut Superior Court, Judicial District of Bridgeport, *Criminal Case Detail*, Doc. Nos. F02B-CR09-0241339-S and F02B-CR10-0247122-S). Defendants stated that plaintiff made phone calls to Ms. Segretto, sent text messages to her and her husband, and vandalized her vehicle. Plaintiff was thus charged with and pled guilty to harassment in the second degree (offense date: 5/10/2009, thirty-five-day jail sentence) and criminal mischief in the second degree (offense date: 12/28/2009, one-year suspended jail sentence and two years of probation).

3

## II.   DISCUSSION

When a defendant does not consent to the voluntary dismissal of an action, such a dismissal may be granted only "upon such terms and conditions as the court deems proper." *In re Solv-Ex Corp. Securities Litigation*, 62 F. App'x 396, 398 (2d Cir. 2003); *see* Fed. R. Civ. P. 41(a)(2). Specifically, Federal Rule of Civil Procedure 41(a)(2) provides that, after the opposing party serves either an answer or a motion for summary judgment;[2] and in the absence of a stipulation of dismissal signed by all parties,[3] "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Also, "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Because dismissal without prejudice under Rule 41(a)(2) may only be granted with the trial court's permission, "it is not a matter of right." *Zagano v. Fordham Univ.*, 900 F. 2d 12, 14 (2d Cir. 1990).

The Second Circuit recently confirmed in *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011), that there are two lines of authority with respect to voluntary dismissal without prejudice under Rule 41(a) (2). In the first line, as set forth in *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006), the Second Circuit noted a dismissal without prejudice "would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Kwan*, 634 F.3d at 230 (quoting *Camilli,* 436 F. 3d at 123).

"Plain legal prejudice" has been defined to include "the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed." *Camilli*, 436 F.3d at 124 (emphasis in original). An example is furnished when "the

---

[2] *See* Fed. R. Civ. P. 41(a) (1) (A) (i).

[3] *See* Fed. R. Civ. P. 41(a) (1) (A) (ii).

cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." *Id.* (quoting *In re Skinner & Eddy Corp.*, 265 U.S. 86, 93-94 (1924)); *accord Elbaor v. Tripath Imaging*, 279 F.3d 314, 317 (5th Cir.2002) ("as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit").

In the case at bar, defendants make no argument that they "would suffer some plain legal prejudice beyond having to face a possible second lawsuit." Although they have asserted six affirmative defenses, defendants have filed no counterclaims. Doc. #14. Moreover, the action remains in its early phases. The first line of authority, as described in *Camilli*, does not support the defendants at bar; rather, the cited cases support by implication plaintiff's application to dismiss this action without prejudice.

The Second Circuit specified in *Kwan* that the "second [line of authority] indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." 634 F.3d at 230 (internal quotations and citation omitted). These factors, previously set forth in *Zagano v. Fordham Univ.*, 900 F. 2d 12, 14 (2d Cir. 1990), include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Kwan*, 634 F.3d at 230 (citing *Zagano*, 900 F.2d at 14); *see also Catanzano v. Wing*, 277 F.3d 99, 109-10 (2d Cir. 2001). The Second Circuit clarified that "[t]hese factors are not necessarily exhaustive and no one of them, singly or in combination with another, is

dispositive." *Kwan*, 634 F.3d at 230.

In examining the *Zagano* factors in the case at bar, I find no evidence that plaintiff delayed in bringing his motion to dismiss. Plaintiff filed this motion approximately eight weeks after being arrested on the criminal charges currently pending against him. A time lapse of some weeks is understandable in light of his incarceration and simultaneous need to prepare a defense or strategy to respond to such charges. I thus find that, under the circumstances, plaintiff did not fail to file his motion in a diligent manner.[4]

Second, the record reflects no "undue vexatiousness" on plaintiff's part in pursuing his § 1983 claim. There is no indication that plaintiff has utilized his action to annoy, harass or vex defendants. No evidence suggests contentiousness between the parties, discovery disputes, or the like. In sum, there is no indication that plaintiff has either filed the present motion or used his § 1983 claim in general as an instrument of vexation.

Third, in examining the defendants' efforts and expense in this action, there is no indication that defendants have incurred exorbitant expense. The action remains in the preliminary stages. No dispositive motions have been filed, defendants cite no costly discovery expenses, and trial, if the case were allowed to proceed, would be months away. Moreover, should plaintiff refile his action in the future, defendants may use whatever research and preparations they have made because plaintiff avers without contradiction that "the issues for which the defendants have pursued discovery would remain unchanged." Doc. #21, p. 2.

Lastly, the Court focuses on plaintiff's explanation for his need to dismiss the case.

---

[4]*Cf. Zagano*, 900 F.2d at 14 (motion for voluntary withdrawal without prejudice denied as being "made far too late" where plaintiff made motion less than ten days before trial was to begin and the case had been pending for four years).

Although, as defendants point out, discovery and trial could conceivably proceed while plaintiff remains incarcerated, incarceration by its very nature clearly limits plaintiff's ability to pursue his claim. For example, incarceration may thwart his ability to investigate his claim, attend depositions, and/or make courtroom appearances. It may also limit his ability to make phone calls and consult with his counsel. Although not a total bar to proceeding simultaneously with his criminal proceedings, incarceration creates a notable level of difficulty and inconvenience in pursuing his § 1983 claim – one which the plaintiff seeks to alleviate at this time.

Furthermore, plaintiff has given no indication that he intends to claim any right to avoid self-incrimination in the present action. Thus, whether he intends to refuse to respond to questions in his § 1983 claim by claiming his right against self-incrimination remains speculative at this time. Defendants suggest that his § 1983 claim is clearly intertwined with the criminal charges pending against him. The Court notes, however, that plaintiff was terminated on January 21, 2010, almost a year before he allegedly stabbed Ms. Segretto on December 31, 2010. Thus, the extent to which plaintiff's testimony in his § 1983 action would include facts relevant to his current criminal charges remains undetermined.[5]

Moreover, even if plaintiff also wishes to avoid civil testimony preceding his criminal trial, absent actual prejudice to the defendants in dismissing the action, plaintiff's stated reason for filing his motion – difficulty in proceeding while incarcerated – remains plausible and adequate.[6] In any

---

[5] Furthermore, the offenses plaintiff committed in 2009, preceding his termination by the Board, have been resolved. *See* p. 3 n.1, *supra*. Plaintiff thus need not invoke his right against self incrimination to avoid prosecution regarding any of those incidents.

[6] The Court notes that if plaintiff's criminal charges are not resolved within the remaining period of the relevant statute of limitations in this case, he will be forced to proceed with his § 1983 claim, and thereby face any such adverse inferences, or be barred from bringing his claim

7

event, at this time, the substance of plaintiff's future testimony in this action, including any adverse inferences that may be drawn therefrom, is not before the Court.

When weighed with the other *Zagano* factors, the Court concludes that incarceration for an unforeseeable period of time on serious criminal charges constitutes an adequate explanation for plaintiff to request dismissal of his § 1983 action. *See, e.g., Tucker v. Hayes*, No. 3:04-CV-1555 (RNC), 2006 WL 2827088, at * 1 (D. Conn. Sept. 30, 2006) (construing incarcerated plaintiff's motion for extension as one for voluntary dismissal and granting it without prejudice); *see also Brillon v. Figueroa*, No. CIV-06-1413-R, 2007 WL 4565235, at * 1 (W.D. Okla. Dec. 21, 2007) (voluntary dismissal without prejudice granted under Rule 41(a) (2) to incarcerated *pro se* plaintiff who asserted that he was unable to prosecute his claim diligently from prison).

In sum, evaluating all relevant factors, the Court concludes that plaintiff's motion should be granted in the interest of fairness. Plaintiff's lack of any discernibly unreasonable delay in filing the motion and adequacy of his excuse both favor dismissal under the cited cases. Furthermore, the limited nature of expenditures by defendants, the lack of a need to duplicate litigation expense, and the early stage at which the litigation currently stands all suggest that dismissal will not prejudice defendants. *See, e.g., In re Solv-Ex Corp. Securities Litigation*, 62 F. App'x at 398 ("district court did not abuse its discretion in granting the plaintiffs' motion for voluntary dismissal: (1) plaintiffs did not delay in bringing the motion; (2) there is no suggestion that plaintiffs were attempting to harass [defendant] by pursuing their legal claims; (3) the action has progressed very little and, as no discovery has taken place, the expense to [defendant] has been relatively minimal; (4) plaintiffs' explanation for dismissing the action – [defendant's] inability to satisfy any judgment entered – is

---

at all. For relevant statute of limitations, see p. 9 herein, *infra*.

entirely reasonable"); *ACEquip, Ltd. v. Am. Eng'g Corp.,* 219 F.R.D. 44, 45-46 (D. Conn. 2003) (plaintiffs entitled to voluntary dismissal without prejudice where plaintiffs did not seek dismissal on the eve of trial and did not use the federal system as an instrument of vexation; defendant's expense in removing the action to district court was merely to be considered as one factor under *Zagano*; and plaintiffs' explanation was adequate where they wanted to avoid unnecessary expense to all parties while first addressing complex litigation claims in Great Britain).

Lastly, the Court notes that plaintiff has less than two years to refile his action. The statute of limitations applicable to plaintiff's § 1983 claim is three years. *See Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998) ("When a § 1983 action is filed in the District of Connecticut, it is subject to a three-year statute of limitations."); *Lounsbury v. Jefferies*, 25 F.3d 131, 133-34 (2d Cir. 1994).[7] According to plaintiff's Complaint, defendants terminated his employment on January 21, 2010. Doc. #1, p. 4 (¶ 14). Thus, in the event plaintiff decides to refile his § 1983 claim, in order to be timely, plaintiff must commence that action by January 21, 2013.

### III. CONCLUSION

For the reasons stated herein, and in the exercise of my discretion, Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. #21) is GRANTED. The Clerk is directed to dismiss

---

[7] The Second Circuit explained in *Lounsbury v. Jefferies* that "[s]ince Congress did not enact a statute of limitations governing actions brought under § 1983, the courts must borrow a state statute of limitations." 25 F.3d at 133. Because "the § 1983 remedy encompasses a broad range of potential tort analogies, from injuries to property to infringements of individual liberty" and general personal injury actions sound in tort, Connecticut's three-year personal injury statute of limitations applies. *Id.* (internal quotations and citations omitted); *see* Conn. Gen. Stat. §§ 52-577, 52-584.

the Complaint in this action without prejudice, and to close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
April 18, 2011

                                          /s/*Charles S. Haight, Jr.*
                                         Charles S. Haight, Jr.
                                         Senior United States District Judge